UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOHAMED ALI DAYEKH, an infant by his f/n/g FARES DAYEKH and FARES DAYEKH, individually<br>　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>THYSSEN KRUPP ELEVATOR CORP. and GLIMCHER REALTY TRUST-JERSEY GARDENS MALL,<br><br>　　　　　　　　Defendants. | Civil Action No. 10-5109 (SDW)(MCA)<br><br>**OPINION**<br><br>June 25, 2013 |

**WIGENTON**, District Judge.

Before the Court is Defendant ThyssenKrupp Elevator Corporation's ("TKE") Partial Motion for Summary Judgment ("Motion") and Defendant Jersey Gardens Mall's ("JG Mall") Cross-Motion for Partial Summary Judgment ("Cross-Motion") pursuant to Fed. R. Civ. P. 56. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Oral argument on this matter was held on June 25, 2013. For the reasons discussed below, the Court **DENIES** TKE's Motion and **GRANTS** JG Mall's Cross-Motion.

**FACTUAL HISTORY**

*The Incident*

On October 5, 2008, Plaintiff Mohamed Ali Dayekh[1] ("Plaintiff") was on an escalator at the Jersey Gardens Mall when his shoe allegedly became "stuck" at the bottom of an escalator.[2]

---

[1] Mohamed Dayekh is a minor who is suing as the injured party and Fares Dayekh is suing as Mohamed's father.
[2] Jersey Gardens is a mall located in Elizabeth, New Jersey. (JG Mall's Resp. to TKE Facts 1.)

1

(Compl. ¶¶ 15, 18.)  Plaintiff claimed that he suffered injuries to his right foot and ankle along with his spine and neck.  (Dkt. 30 at 1; TKE Mot. SJ. ¶ 2.)  On October 10, 2010, Plaintiff filed a Complaint against Defendants ThyssenKrupp Elevator Corporation ("TKE") and Glimcher Realty Trust-JG Elizabeth[3] ("JG Mall") seeking damages for negligence in the "ownership, maintenance, operation, supervision and control" of the escalator.  (See Compl. ¶ 16.)

*TKE and JG Mall's Contractual Agreement*

Approximately three years earlier, on or about November 22, 2005, TKE and JG Mall entered into a maintenance agreement. (See Ex. B, Platinum Premier Maintenance Agreement ("Agreement"), at 1-5.)  Pursuant to the Agreement, TKE agreed to perform maintenance on escalators and elevators at the Jersey Gardens Mall.  (TKE Br. at 5.)  The Agreement included an insurance clause requiring that JG Mall name TKE as an additional insured on JG Mall's policy. (Agreement at 3; TKE Br. at 2-3.)  Additionally, the Agreement included an indemnity clause requiring JG Mall to indemnify TKE for suits arising from TKE's actions.  (Agreement at 3; see JG Mall Cross-Mot. at 3-4.)

On October 29, 2008, TKE tendered its first indemnity and insurance defense to JG Mall in this action.  (TKE Br. at 3.)  JG Mall denied this first request and subsequently denied two more tender requests from TKE.  (Id.)  According to JG Mall, TKE was denied defense because TKE's form contract "did not include a legally enforceable contractual indemnification provision and included contradictory language regarding insurance procurement obligations which did not entitle TKE to indemnity or a defense."  (JG Mall Resp. to TKE Facts ¶ 5.)

---

[3] According to Defense counsel, Defendants were improperly designated as "Glimcher Realty Trust-Jersey Garden Mall" and should instead be referred to as "Jersey Gardens Mall" or "JG Mall." (JG Mall Br. at 2.)  This Court notes that the parties filed a stipulation voluntarily dismissing all claims against Glimcher Realty Trust. (Dkt. at 72.)

**PROCEDURAL HISTORY**

On October 10, 2010, Plaintiff filed a Complaint against TKE and JG Mall. On February 11, 2011, TKE filed an Answer to the Complaint and initiated a Crossclaim against JG Mall claiming that JG Mall failed to provide TKE with defense and indemnification as required under the Agreement. On September 18, 2012, TKE amended its Crossclaim to include an alleged breach of contract.

On November 19, 2012 TKE moved for Summary Judgment against JG Mall claiming JG Mall breached its contractual obligation under the Agreement to provide insurance coverage to TKE. On December 5, 2012, JG Mall filed a Cross-Motion for partial Summary Judgment, seeking dismissal of TKE's breach of contract claim and dismissal of the indemnification clause in TKE's form contract.

On January 25, 2013, TKE responded to JG Mall's Cross-Motion for partial Summary Judgment.[4]  On January 31, 2013, JG Mall filed a Sur-Reply.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for

---

[4] TKE—in its reply—raised a new issue that JG Mall failed to provide TKE with the defense required in the indemnification clause. (TKE Reply at 7-9.)

the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." Black Car Assistance Corp. v. New Jersey, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

## DISCUSSION

### I. Breach of Contract

In order to prove breach of contract, a plaintiff must demonstrate that (1) a contract exists between the parties; (2) the defendant breached that contract; (3) the plaintiff suffered damages as a result of the breach; and (4) the plaintiff "performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). For the purposes of the present Motions, the parties do not dispute that a valid contract exists. Instead, the parties' arguments focus on whether the contract language was ambiguous and whether there was a breach of contract.

The crux of the instant Motions centers on the interpretation of the Maintenance Agreement between TKE and JG Mall. Two key contract provisions are in dispute—the indemnification clause and the insurance clause. The indemnification clause states, in pertinent part:

> [JG Mall] expressly agree[s] to indemnify, defend, save harmless, discharge, release and forever acquit TKE, [its] officers, agents and employees from and against any and all claims demands, suits, and proceedings brought against [TKE] or [its] employees. . . . [JG Mall's] duty to indemnify does not apply to claims or losses determined to be caused by or resulting from the negligence of [TKE] or [its] employees.

(Agreement at 3.) In the following paragraph, the insurance clause states, in pertinent part:

> [JG Mall] expressly agree[s] to name [TKE] as an additional insured in [its] liability and any excess (umbrella) liability insurance policy(ies). Such insurance must insure [TKE] for those claims or losses referenced in the above paragraph, and for claims or losses arising from the sole negligence of [TKE] or [its] employees.

(Agreement at 3.)

### A. Insurance Clause

TKE alleges that the Agreement required JG Mall to name TKE as an "additional insured" on its liability insurance to cover for the negligence of both TKE and JG Mall. (TKE Br. at 8.) TKE contends that JG Mall failed to meet this obligation, breached the contract, and TKE suffered damages as a result of JG Mall's breach. (TKE Br. at 10.) Moreover, TKE contends that even if JG Mall's policy named them as an "additional insured," the policy does not maintain the requisite coverage. (TKE Reply at 5.)

JG Mall argues that the contract contains contradictory provisions and is therefore ambiguous. (JG Mall Br. at 3-4.) Because an ambiguity exists, according to JG Mall, TKE's right to insurance is negated. (JG Mall Br. at 3-4.) Even if no ambiguity is found, JG Mall argues that they still have met their requirement of making TKE an "additional insured" in their policy. (See id. at 6-7.) JG Mall notes that they fulfilled their coverage obligation because the type of coverage TKE seeks is not currently available. (JG Mall Sur-Reply at 4-5.)

#### 1. *Ambiguity Within A Contract*

Whether a contract is clear or ambiguous is a question of law. Kaufman v. Provident Life and Cas. Ins. Co., 828 F. Supp. 275, 282 (D.N.J. 1992); Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997). A contract is ambiguous if there are at least two "reasonable alternative interpretations" of its language. Mellon Bank N.A. v. Aetna Business Credit Inc., 619 F.2d 1001, 1011 (3d Cir. 1980). Specifically, insurance policies are ambiguous if the "phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979).

In Nevets C.M., Inc. v. Nissho Iwai American Corp., the court found that the language of a contract must be given its "plain and ordinary meaning" when determining ambiguity. 726 F.

6

Supp. 525, 533 (D.N.J. 1989). Later, in <u>Associated Living Associates of Moorestown, L.L.P. v. Moorestown Tp.</u>, the court articulated that terms in a contract cannot be "tortured" to create ambiguity. 31 F. Supp. 2d 389, 398 (D.N.J. 1998) (relying on <u>Nester</u>, 201 N.J. Super at 210).

In this case, the "plain and ordinary meaning" of the Agreement suggests two "reasonable alternative interpretations." First, under the insurance clause, TKE is covered by JG Mall's insurance policy for claims or losses arising from the sole negligence of TKE or its employees. Second, under the indemnification clause, TKE is not entitled to indemnification for "claims or losses caused by or resulting from the negligence of [TKE] or [its] employees." (Agreement at 3.) TKE argues that the insurance clause is not ambiguous because it is a "separate obligation" that is distinct from the indemnification paragraph. (JG Mall Sur-Reply at 3.) However, by referring to the indemnification paragraph within the insurance clause, the two provisions appear "tied together." (<u>Id.</u>) These two different, yet reasonable interpretations that emerge from the Agreement's language demonstrate ambiguity in the Agreement's scope. See <u>Mellon Bank N.A.</u>, 629 F.2d at 1001.

Additionally, TKE's argument that JG Mall has "tortured the language" to create ambiguity is unpersuasive. (<u>See</u> TKE Br. at 14.) The insurance clause's language, drafted by TKE, explicitly refers back to the indemnification clause and "any claims or losses" within it. (Agreement at 3.) Therefore, aside from TKE's proffered "separate obligations" interpretation, the "plain and ordinary meaning" of the Agreement supports that the clauses are "tied together."

### 2. *Construing Ambiguity Within A Contract*

Generally, ambiguous contracts are strictly construed against the draftsman. <u>In re Estate of Miller</u>, 90 N.J. at 221. With respect to insurance contracts, ambiguity is construed in favor of the insured. <u>E.g.</u>, <u>Kaufman v. Provident Life and Cas. Ins. Co.</u>, 828 F. Supp. 275, 283 (D.N.J.

1992); United States Fidelity & Guaranty Co. v. Greater Essex Sec., Inc., 248 N.J. Super. 105, 115, 590 A.2d 262 (1991); Bowler v. Fidelity & Cas. Co. of New York, 53 N.J. 313, 319 (1969). For instance, in Bowler, the plaintiff—the "insured"—sued his insurer over the insurer's refusal to recognize an accident insurance claim. 53 N.J. at 317-19. In reversing the appellate court's denial of recovery, the New Jersey Supreme Court noted, "[i]t is fundamental . . . that courts will interpret insurance policy language liberally in favor of the insured." Id. at 321.

The standard of construing insurance contracts in favor of the insured is primarily derived from conventional "insured vs. insurer" cases. See e.g., id. at 319. Unlike Bowler and its progeny, there is no "insurer" involved in the present case. While JG Mall fits the role of the "insured," TKE is not the insurer of the policy. Thus, with respect to the facts and circumstances in this case, the appropriate standard for determining construction of the contractual ambiguity is governed by the general contract standard from Mellon Bank N.A. and not the Weedo insurance-specific standard discussed above. Mellon Bank N.A., 619 F.2d at 1011; Weedo, 81 N.J. at 247.

Here, the ambiguity in the Agreement must be construed against TKE as the drafter of the contract. As the Agreement is ambiguous, this Court finds that JG Mall's contractual obligations under the insurance clause are negated. TKE is not entitled to indemnification for "claims or losses caused by or resulting from the negligence of [TKE] or [its] employees." See In re Estate of Miller, 90 N.J. 210, 221 (1982) (noting that if a contract is ambiguous it must be construed against the drafter) (citing Terminal Constr. Corp. v. Bergen County Hackensack River Sanitary Dist. Auth., 18 N.J. 294, 302 (1955)).

This Court does not reach the questions of whether TKE was made an "additional insured" pursuant to the Agreement or whether the type of coverage procured by JG Mall's

8

policy met its contractual obligations. As the Agreement is ambiguous, JG Mall's obligations to insure TKE under the Agreement are dismissed.

### B. Indemnification

According to TKE, JG Mall also breached the contract by failing to defend TKE in the suit against Dayekh. (TKE Reply at 7-8.) JG Mall argues that because TKE did not move on this issue in their original brief, they are prohibited from introducing it in their reply for the first time. (JG Mall Sur-Reply at 2.) Moreover, JG Mall asserts that the indemnification clause is not legally enforceable because they did not express the requisite intent to indemnify TKE for TKE's own negligence. (JG Mall Br. at 7-8.)

The Third Circuit has held that "[a]n issued is waived unless a party raises it in its opening brief." E.g., Laborers' Intern. Union of North America, AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3rd Cir. 1994). TKE's indemnification claim will not be considered because TKE failed to raise this issue in their opening brief.[5] Accordingly, as TKE cannot recover on its indemnification claim at this stage, this Court does not reach the intent or defense issues.

**CONCLUSION**

For the reasons stated above, TKE's Motion for Partial Summary Judgment is **DENIED** with respect to the breach of contract claim and JG Mall's Cross-Motion for Partial Summary Judgment is **GRANTED** with respect to the breach of contract and indemnification claims.

s/ Susan D. Wigenton, U.S.D.J.

cc: Magistrate Judge Madeline C. Arleo

---

[5] It is noted that a court has the discretion to review new arguments raised in a reply brief. See Kounelis v. Sherrer, 529 F. Supp. 2d 503, n.11 (D.N.J. 2008). In this case, this Court does not find it appropriate to review new arguments raised in the reply.